# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

---

**Kee Tom Farley, et al., Plaintiffs,**

v.

**Kerr McGee, et al., Defendants.**

**Decided April 23, 1999**

---

## MEMORANDUM OPINION AND ORDER

Judge Lorene Ferguson presiding.

THIS MATTER came on for consideration of the Plaintiffs' Memorandum Concerning the Scope of Expert Discovery and the Defendants' Memorandum re Depositions of Expert Witnesses. This Court, having carefully considered both parties' memoranda and their respective oral arguments, ruled at the July 14, 1998 status conference that expert depositions would be allowed, with some limitations. Such a determination is consistent with Navajo law, as codified in the Navajo Rules of Civil Procedure and Navajo Rules of Evidence.

First, Rule 26(b)(3)(C), Nav. R. Civ. P., states:

> *Experts.* A party may discover through interrogatories addressed to a party the following information regarding experts consulted or employed by another party in connection with the pending action:
> i.    Identity of experts the party expects to present at trial.
> ii.   To state the subject matter on which the expert is expected to testify.
> iii.  A summary of the facts and opinions to which the expert is expected to testify and the grounds for each opinion.

Plaintiffs argue that this provision sets forth a "specific procedure to conduct expert discovery" (P's Memo at P. 4, L. 20) using interrogatories as an "alternative mechanism" to depositions (*Id.* at 4) and establishing interrogatories as *the* method of expert discovery (*Id.* at 24, emphasis added). However, nothing in the Navajo Rules establishes expert interrogatories as the singular method to be used in conducting expert discovery. Rather, the drafters set forth a provision which provides for interrogatories as a tool for conducting expert discovery. As with interrogatories directed at any witness, such a tool merely allows the parties to determine if further or more specific inquiry from the witness is necessary in light of the information provided in the interrogatories and helps to define the issues which may be remaining at trial.[1] While a party may employ the use of

---

1. In fact, *The Toxic Torts Practice Guide* addresses expert interrogatories as specified under Rule 26 of the Federal Rules of Civil Procedure, which the Navajo Rules are modeled after. The Guide states that expert interrogatories provide "a paper trail of the substance of each expert's testimony; this makes it easier to conduct the deposition." (James T. O'Reilly, *Toxic Torts Practice Guide* Sec. 17.12 at 17-21 (2d. ed. 1998)). Clearly, the Federal Rules anticipate the use of expert interrogatories as a discovery tool, followed by expert depositions.

interrogatories with any witness, it is difficult to believe the Rules intended that inquiry must end there for expert witnesses, but not for lay witnesses or parties, both of whom may be deposed. In fact, Rule 26(a)(1), Nav. R. Civ. P., entitled "Discovery method," states that "[p]arties may obtain discovery by one *or more* of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things for inspection and other purposes; physical and mental examinations; and requests for admissions." (Emphasis added.) Nothing suggests this Rule contemplated excluding expert witnesses from its reach.

The fact that a specfic provision is established under Rule 26(b)(3)(C) does not suggest that expert witnesses should be excluded from consideration under other Rules. In fact, the Rule pertaining to experts is not listed under the Rule 26(a)(1) general heading of "Discovery method," which might then indicate that the method is different for expert witnesses as opposed to other witnesses. Instead, it is found under the Rule 26(b) heading of "What May Be Discovered" and is located specifically under section (3) entitled "Trial Preparation." Plainly, section (C) entitled "Experts" is intended to be one of three categories of substantive discovery which may be utilized in trial preparation. To make more of this separate category of "Experts" is simply not warranted.

Plaintiffs' Memorandum incorrectly argues, "[t]hus, the Navajo Rules of Civil Procedure do not provide for pre-trial depositions of expert witnesses." (P. 4, L. 1-2). In addition to the contradiction suggested by Rule 26(a)(1) in which depositions are established as a discovery method, Rule 30(a), Nav. R. Civ. P., states, "[a]fter commencement of the action, any party may take the testimony of any person ... by deposition upon oral examination." Expert witnesses fall within the broad definition of "any person." Nothing in the Navajo Rules prohibits the taking of expert depositions, or establishes Rule 26(b)(3)(C) as the sole mechanism - "alternative" or otherwise - to be utilized in conducting expert discovery.

Turning next to the Navajo Rules of Evidence, Rule 24, entitled "Court Appointed Experts," provides further support for the deposition of experts. Section (a) states, with regard to such experts, that "his deposition may be taken by any party." It is unlikely that the drafters of the Navajo Rules intended only to allow expert witnesses appointed by the judge to be deposed but not experts chosen by the parties. Plaintiffs are correct when they argue that the Navajo Rules do not *require* expert depositions, but it is another matter entirely to suggest that this means such depositions are not permitted. (P's Memo at 9, emphasis added).

Finally, the very purposes of discovery, as stated under Rule 26(a), Nav. R. Civ. P., would be frustrated by excluding experts from the list of witnesses eligible to be deposed. The Rule states, "[t]he purposes of discovery are to allow parties to prepare for trial, to limit a party being surprised at trial and to define and limit the facts and issues actually in dispute." While Plaintiffs' Memorandum cites this Rule in support of the proposition that the use of interrogatories alone best satisfies the rule, the opposite is in fact true. The commentary following the

Rule explains that:

> The purpose of discovery is to avoid surprise and to enable the parties to fully prepare for trial. The purpose of pretrial preparation is to enable the parties to present the relevant facts and law to the judge and/or jury as completely and expeditiously as possible. As officers of the court, counsel should make use of discovery methods to facilitate the prompt and efficient administration of justice.

Such a purpose can best be met by providing for depositions of expert witnesses where necessary. The reasons for this are simple. First, expert interrogatories are frequently prepared by the expert with the assistance of the corresponding party's counsel. Thus, all too often such interrogatories reflect the adversarial approach of the parties and the wording may be construed in a vague, oversimplified or even misleading manner. Many experts consider interrogatories in toxic tort cases to be "less productive" as a result of the "tendencies for evasion in modern discovery practices." (James T. O'Reilly, *Toxic Torts Practice Guide* Sec. 7.02 at 17-6 (2d ed. 1998). In no way will such a document eliminate surprise at trial.

Second, this type of document may set forth the general areas on which the expert may be expected to testify, but does little to explain technical or scientific theories. In a toxic tort case, such as the present case, the parties can be expected to rely heavily on expert testimony, which will undoubtedly be complicated, scientific and technical, and thus may be beyond the comprehension of the jurors, parties and even the court. Without advance notice of such theories and the opportunity to explore the information to the point of clarity and comprehension, counsel will not be prepared at trial to present such theories in a manner which is readily understandable to the jury or the court. Trial is not the time to first begin trying to make sense of expert testimony. (*See, id.*)

Third, such lack of advance preparation will prevent counsel from presenting the "*relevant* facts and law to the judge and/or jury as completely and expeditiously as possible." (*Id.*, emphasis added). Finally, a thorough understanding of the expert's expected testimony is necessary prior to the trial for several reasons. For one, it will be difficult to determine if the expert is qualified or his testimony admissible, if the court is not able to understand the specifics until after the expert testifies at trial. Neither will the court have all the information necessary to make evidentiary rulings. In addition, ambiguity surrounding a party's theory would frustrate an opposing party's ability to move for summary judgment or make other pretrial motions. Last, in a case such as this where the outcome may turn on expert testimony, settlement will best be facilitated by theories which are well developed and articulated prior to trial. Expert depositions are necessary in order to narrow and clarify the issues for all concerned.

However, this is not to say that Plaintiffs' concerns regarding the costs of such depositions, as well as the time involved and the potential for delay of the trial have gone unheeded. For these and other reasons, the Court will exercise its discretion and impose limitations upon the taking of such depositions.

IT IS THEREFORE ORDERED that the parties will be allowed to depose expert witnesses, but will be limited to a total of ten depositions each for Plaintiffs and Defendants, including the depositions of expert witnesses. Permission for additional depositions may be granted only upon a showing of extenuating circumstances, in which case the opposing party will automatically be granted the same permission. Upon motion by a party or in the event that the Court determines it is necessary to prevent a party from imposing annoyance, embarrassment, oppression or undue burden or expense upon the opposing party, the Court may impose further limitations upon the parties regarding the taking of depositions, as the need becomes apparent.

IT IS FURTHER ORDERED that the parties shall provide opposing counsel with the relevant expert interrogatories and reports thirty days prior to the deposition of such party's expert witnesses.